STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. AP-09-32  
JAW - Cum - 1/26/2010

SCOTT J. MITCHELL,

Petitioner

v.

DECISION AND ORDER

SECRETARY OF STATE,

Respondent

## BACKGROUND

Petitioner Scott Mitchell appeals the oral decision of a Bureau of Motor Vehicle's hearing officer to deny Mitchell's petition for review of an indefinite administrative revocation of his driver's license for being a habitual offender pursuant to 29-A M.R.S. §§ 2551-A & 2552. Mitchell filed this appeal pursuant to the Maine Administrative Procedure Act, 5 M.R.S. §§ 11001 *et seq.* and Rule 80C of the Maine Rules of Civil Procedure.

The Secretary of State's office sent Mitchell a notice of revocation and an opportunity for a hearing on April 21, 2008. The notice informed Mitchell that his driver's license was being administratively revoked for an indefinite period commencing on May 1, 2008, because his driving record brought him within the definition of a habitual offender. Under 29-A M.R.S. § 2551-A, a habitual offender is a person who has committed three or more major motor vehicle offenses within a five-year period, including conviction of operating under the influence (OUI), and a conviction of

1

operating after license suspension (OAS) or revocation. The April 21, 2008 notice reflected that Mitchell's driving record included convictions for the following offenses: (1) a March 2, 2004 conviction for operating after suspension on January 19, 2004; (2) a February 10, 2005 conviction for operating under the influence; and (3) an April 7, 2008 conviction for operating under the influence. All three convictions took place within a four-year period. Mitchell does not contest the February 10, 2005 or the April 7, 2008 OUI convictions, both of which he pled guilty to. Mitchell sent a request for an administrative hearing to the Secretary of State on May 14, 2008. Mitchell's administrative hearing was held on June 22, 2009.[1]

Mitchell contests whether his March 2, 2004 conviction could be used as one of the three convictions to bring him within the statutory definition of habitual offender. He argues that the March 2004 plea was not a knowing plea because he was never advised of the consequences of his plea. Following his January 19, 2004 violation, Mitchell was summoned to appear in Rumford District Court on March 2, 2004. At his June 2009 hearing, Mitchell testified that when he arrived at court on March 2, 2004, he learned that he would need to remain in the courtroom for an extended period of time to be heard by a judge. Mitchell testified that he was pressed for time and a person in the Clerk's Office told Mitchell that in lieu of waiting for his arraignment, he could sign a written waiver and enter a plea of guilty, pay a waiver fee, and leave immediately. Mitchell followed this advice and signed a waiver form that stated:

> *I Scott Mitchell, charged with the offense of OAS, do hereby plead guilty to said offense and under the provisions of Rule 10 of the District Court*

---

[1] A stay of Mitchell's petition was granted to permit Mitchell to file a motion to withdraw his 2004 guilty plea. The Rumford District Court denied Mitchell's motion to withdraw on December 2, 2008.

*Criminal Rules request that I be permitted to pay any fine for said offense to the Clerk.*

The court accepted his guilty plea for OAS – a Class E offense. A certified copy of the Uniform Summons & Complaint (U.S.C.) form with Mitchell's signed waiver was admitted as Exhibit 2 at the June 22, 2009 hearing. Mitchell admits that he understood that he was pleading guilty to the offense of operating a motor vehicle after his right to operate was suspended but he did not understand that his plea of guilty would be used in the future as a basis for being declared a habitual offender.

On June 22, 2009, after hearing the testimony and reviewing the exhibits, the hearing officer orally upheld the license revocation imposed on Mitchell, finding that Mitchell made a knowing plea of guilty. The hearing officer found that:

> The court has apparently employed the modified procedure allowing someone to plead guilty by waiver. Mr. Mitchell has told me in his own words that he went there to take care of it and to pay his fine. He did so through the clerk of the court's window, conveyed to her in some manner that he wanted just to take care of it and pay his fine so that he could move on to his other business. I have heard nothing that would lead me to believe that he had any other impressions other than he was pleading guilty and paying his fine. There was no – no confusion, no misleading by the court, and that by signing the waiver he was waiving his right to appear before a judge to make any other pleading. It appears to me quite clear that Mr. Mitchell knew that he was by signing the waiver admitting his guilt and accepting responsibility for what took place on the date of January 19th of 2004. My conclusion is that this was a knowing pleading of guilty. . . . Based upon the finding – the evidence in exhibits 2, 3, and 4 as well as his driving record, it is my conclusion that Mr. Mitchell has been found guilty of – or plead guilty to three major offenses within five years, and that does bring him within the definition of a habitual offender according to chapter 23 of title 29. . . . My decision is to uphold the Secretary of State's decision to declare him a habitual offender based upon the record held by the Secretary of State showing his judgment or pleading guilty on all three of these offenses.

Hearing Transcript, June 22, 2009, pp. 22-25.

Mitchell appeals the hearing officer's determination. Mitchell claims that the January 2004 Operating After Suspension should not qualify as a conviction of a major offense for the purpose of the Habitual Offender Statute because the signing of a waiver does not meet the requirements of a knowing and voluntary waiver necessary for a guilty plea. Mitchell claims that acceptance of the waiver in lieu of appearing in court to enter a plea, and later use of this plea as a basis for declaring Mitchell a habitual offender was improper pursuant to Rule 5 and Rule 10 of the Maine Rules of Criminal Procedure. Mitchell admits that he understood that he was pleading guilty to the offense of operating a motor vehicle after his right to operate was suspended but he argues that he did not understand that his plea of guilty would be used in the future as a basis for being declared a habitual offender.

## DISCUSSION

### I. Standard of Review

The Court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency. 5 M.R.S.A. § 11007(4)(C)(4)-(6). According to the Law Court, the power to review decisions of the Commission is confined to an examination of "whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820.

Additionally, the Court cannot "substitute its judgment for that of the agency on questions of fact." 5 M.R.S.A. § 11007(3). "[F]actual findings must be affirmed unless

clearly erroneous." *Green v. Comm'r of the Dep't of Mental Health, Mental Retardation and Substance Abuse Svcs.*, 2001 ME 86, ¶ 9, 776 A.2d 612, 615 (citation omitted). "[U]nless the record before the Commission compels a contrary result," the Court will uphold the agency decision. *McPherson*, 1998 ME 177, ¶ 6, 714 A.2d at 820. Finally, "the burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982).

## II. Substantial Evidence Supports the Hearing Officer's Decision

According to 29-A M.R.S. § 2553:

The issues that are properly raised at a hearing are:

A. Whether person whose license has been revoked is the same person named in the transcript or abstract; and

B. Whether the person's record brings that person within the definition of an habitual offender.

29-A M.R.S. § 2553. The only question the hearing officer needed to address during the hearing was whether Mitchell's driving record brought him within the statutory definition of a "habitual offender" within the meaning of 29-A M.R.S. § 2551-A(1)(A). As reflected in the April 21, 2008 notice to Mitchell, the Secretary of State's records of Mitchell's driving record includes convictions for three offenses, which bring him within the statutory definition of a "habitual offender." Accordingly, the hearing officer's determination is supported by substantial evidence in the record.

Mitchell claims the Rumford District Court violated Rule 5 and Rule 10 of the Maine Rules of Criminal Procedure when it accepted his March 2, 2004 signed waiver and hearing officer should not have considered this conviction as one of the offenses used to find him a habitual offender under 29-A M.R.S. § 2551-A. The validity of the court

5

proceedings regarding his 2004 OAS conviction could have been challenged by an appeal from the conviction or in a petition for post conviction review pursuant to 15 M.R.S. § 2129. An administrative hearing was not the proper venue for Mitchell to contest a criminal conviction for OAS.

Mitchell's argument regarding the illegality of the waiver proceeding for his 2004 OAS charge is not an issue properly before this court. Rule 11(a)(3) of the Maine Rules of Criminal Procedure expressly allows the clerk of the court to accept a guilty plea upon payment of a fine. Rule 11(a)(3) states:

> The District Court clerk may, at the signed request of the defendant, accept a guilty plea upon payment of a fine set by the judge in the particular case or as set by the judge in accordance with a schedule of fines established by the judge with the approval of the Chief Judge for various categories of such crimes.

M.R. Crim. P. 11(a)(3). A first offense OAS is an offense for which there is a waiver fine. In this case, Mitchell requested waiver and paid his fine for the OAS violation, thereby pleading guilty to the charge. The significance of signing the waiver provision of the Uniform Summons & Complaint is clear – it provides: "*I Scott Mitchell, charged with the offense of OAS, do hereby plead guilty to said offense. . . .*" However, whether the waiver provision of Rule 11(a)(3) comports with Rules 5 and 10 or constitutes a knowing and intelligent waiver as described in *State v. Ouellette*, 901 A. 2d 800 (Me. 1006), must be left for another day.

## DECISION

Substantial evidence supports the hearing officer's decision to uphold the Secretary of State's declaration that Mitchell is a habitual offender. Mitchell's request to have the 2004 OAS conviction removed from consideration in the State's determination

6

that he is a habitual offender is DENIED. The court AFFIRMS the Secretary of State's

decision to revoke Mitchell's license indefinitely as a habitual offender.


Date:   January 25, 2010

Joyce A. Wheeler, Justice

COURTS
d County
x 287
04112-0287

DONALD MACOMBER AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04330

= COURTS
nd County
ox 287
ne 04112-0287

JAMES CLIFFORD ESQ
TAYLOR FRAME & MCCORMACK
4 MILK ST
SUITE 103
PORTLAND ME 04101